No. 90-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

DEBRA STEFFANI IRVING,

Plaintiff and Appellant,

-vs-

SCHOOL DISTRICT NO. 1-1A, VALLEY COUNTY,
MONTANA; and the BOARD OF TRUSTEES, said
Board consisting of Everett Breigenzer,
Sharon Archambeault, Lois Johnson, Shirley
Kirkland, Terry Hueth, James Olk, and Fred
Compton, Individually and as a Body Politic,

Defendants and Respondents.

FILED

JUN - 4 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventeenth Judicial District,
               In and for the County of Valley,
               The Honorable B. W. Thomas, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        David L. Irving, Glasgow, Montana

        For Respondent:

        Chadwick H. Smith; Smith Law Firm, Helena, Montana
        Donald R. Herndon; Herndon, Hartman, Sweeney &
        Halverson, Billings, Montana


Submitted on Briefs:   March 22, 1991

Decided:   June 4, 1991

Filed:

_____
                Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Debra Steffani Irving appeals from a decision of the Seventeenth Judicial District, dismissing her lawsuit filed against School District 1-1A in Valley County and the Board of Trustees. The District Court dismissed the case pursuant to Rule 12(b), M.R.Civ.P. We reverse in part and affirm in part.

The only issue we find necessary for review is:

Whether the District Court properly granted the defendants' motion to dismiss under Rule 12(b), M.R.Civ.P.

Debra Steffani Irving (Steffani) was first employed by School District 1-1A, Valley County (School District) in October 1985. She was rehired on a full time basis in 1986, and again in 1987. During the 1986-1987 and 1987-1988 academic years, Steffani taught part time in a social studies position and part time in a Spanish position in Glasgow High School. Throughout this period of time, she was evaluated as adequate and above average in her teaching ability. She did not obtain tenure, however, because her contract was not renewed for the requisite fourth year.

According to Steffani, she was a victim of continual harassment which was perpetrated by officials at the School District. According to her statement of facts, the principal of Glasgow High School attempted to terminate her in 1987 by recommending that her teaching contract not be renewed for the 1987-1988 school year. He justified his actions by maintaining that the elimination of Steffani's job was part of a necessary reduction in force. The School Board apparently disagreed with the

2

principal and renewed Steffani's contract for the 1987-1988 academic year.

According to Steffani's complaint, the high school principal was undeterred by the School Board's action. She maintains that after her renewal in 1987, the principal vowed that he would "get her next year." The following year the School District did not renew her contract.

Under the authority of § 20-4-206, MCA, Steffani asked the School Board for a list of reasons for her non-renewal. In compliance with her request, the School Board told her she was not renewed due to financial considerations, declining enrollment and that she was not rehired due to a reduction in force. Following her non-renewal, the responsibility of teaching Spanish was given to Karen Ortmann, a tenured teacher who taught part time since 1984.

Steffani filed a notice of appeal with the Valley County Superintendent of Schools. This appeal was dismissed after the Superintendent ruled that she did not have jurisdiction to hear the claim. This ruling was affirmed by the State Superintendent of Public Instruction on May 1, 1989.

Steffani also filed a complaint in District Court alleging breach of contract, bad faith, fraud, violations of provisions of the state and federal constitutions and an action under 42 U.S.C. § 1983. After the State Superintendent denied jurisdiction of her administrative claims, Steffani amended her complaint to add an appeal of that decision. Eventually, Steffani's lawsuit was

dismissed under Rule 12(b) for failure to state a claim for which relief can be granted. Steffani appeals this dismissal. The substance of her complaint will be discussed in greater detail below.

Rule 12(b), M.R.Civ.P., provides that a defendant may, through a motion, raise the defense that the plaintiff has not stated a claim upon which relief can be granted. When considering such a motion, the District Court must consider only the sufficiency of matters raised in the complaint. It must not go beyond the four corners of the complaint, nor may it engage in any fact finding. Nordlund v. School District No. 14 (1987), 227 Mont. 402, 738 P.2d 1299. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which will entitle her to relief. Proto v. Missoula County (1988), 230 Mont. 351, 749 P.2d 1094. With this standard in mind, we will review Steffani's complaint to determine whether it was properly dismissed.

In Count I of her second amended complaint, Steffani seeks judicial relief from an administrative order of the State Superintendent of Education. That order denied jurisdiction of her appeal of the School Board's decision to not renew her contract. Steffani also seeks damages which she alleges resulted from a closed meeting held by the School Board.

The District Court upheld the State Superintendent's order on the grounds that Steffani did not timely file her appeal. A review

4

of the record, however, reveals that Steffani did file her appeal within the sixty day period provided by § 20-3-107(2), MCA. However, the Superintendent denied jurisdiction of Steffani's appeal because she found that as a non-tenured teacher, Steffani was not entitled to a hearing. We agree with this reasoning.

Because Steffani was non-tenured she was not entitled to a hearing after her contract was not renewed. Rather, she was only entitled to a list of reasons for her non-renewal. See § 20-4-206, MCA. She requested and received written reasons for the School Board's decision.

Nowhere in either the statutes or the collective bargaining agreement is Steffani given a right to appeal her non-renewal. Moreover, as a non-tenured teacher she has no legally recognized property right in a new contract. See Board of Regents v. Roth (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. Therefore, she was not entitled to constitutional due process and did not have a legally cognizable claim under Montana law. Steffani did not present a claim upon which relief could be granted and the appeal of her administrative claim was properly dismissed.

As stated above, Steffani also seeks damages which she alleges were incurred when the School Board held a closed meeting in violation of Article II, Section 9 of the Montana Constitution. This provision requires all meetings of public bodies to be open to public scrutiny. The only exception to this rule is when the demands of individual privacy exceed the merits of public disclosure.

5

The Legislature has provided one remedy that can be utilized when Article II, Section 9 is violated. Section 2-3-213, MCA, provides that any decision made during an illegally closed meeting can be declared void by a District Court. A suit to void any such decision must be commenced within 30 days of the decision.

Steffani has not, however, sought to void the decision of the School Board. Instead, she has sought monetary damages. The damages she seeks to collect do not arise directly from the act of closing the meeting. Instead they arise from alleged acts of discrimination that may have occurred at that meeting. These damages have been sought in other portions of her complaint. In particular, they are recoverable under her § 1983 claims and therefore all damages sought here are merely duplicative. This cause of action was therefore properly dismissed.

In Count II of her complaint, Steffani alleges that the defendants committed fraud by supplying her with a false reason for her discharge and by leading her to believe that she would be interviewed for the Spanish position she held during the 1987-1988 school year. The first allegation fails on the basis of her pleadings.

In order to establish fraud, Steffani must prove nine elements:

1) the defendants made a representation;
2) the representation was false;
3) the representation was material;
4) the defendants knew the representation was false or were ignorant of its truth;
5) the defendants intended that the representation should be acted upon in the manner contemplated;
6) Steffani was ignorant of the representation's

falsity;

7) Steffani relied upon its truth;

8) Steffani had a right to rely upon the representation; and

9) as a proximate cause of this reliance suffered damages.

Kinjerski v. Lamey (1979), 185 Mont. 111, 604 P.2d 782.

As stated above, Steffani maintains that the defendants fraudulently misled her to believe that her contract was not renewed due to an overall reduction in force. However, even if the defendants did attempt to mislead Steffani, she cannot establish an action for fraud. The sixth and seventh elements of this cause of action require that Steffani did not know the defendants' representations were false and that she relied upon the assertions.

According to her pleadings, the school principal told her that he would "get her next year." Steffani believed that this statement constituted a threat that her contract would not be renewed the following year. The threat was made after the principal unsuccessfully attempted to terminate her. If we assume that this threat in fact occurred, it is impossible to believe that Steffani thought she was non-renewed as part of a reduction in force. By her own pleadings she cannot establish a cause of action and this allegation was properly dismissed.

In her second allegation of fraud, Steffani maintains that the defendants misled her to believe that she would be interviewed for a teaching position in the Spanish department. She states that under the circumstances this assurance, which the defendants knew or should have known was false, prevented her from obtaining other work.

7

Rule 9(b), M.R.Civ.P., requires that the circumstances constituting fraud must be stated with particularity. In Fraunhoffer v. Price (1979), 182 Mont. 7, 594 P.2d 324, we stated:

> "Of primary importance in understanding the particularity requirement of Rule 9(b) is the recognition that it does not render the general principles set forth in Rule 8 entirely inapplicable to pleadings alleging fraud; rather, the two rules must be read in conjunction with each other. It should be kept in mind that Rule 8(a) requests 'a short and plain statement of the claim' for relief . . . . Thus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules . . .
>
> The sufficiency of a particular pleading under Rule 9(b) depends upon a number of variables. For example, the degree of detail required often turns on the context in which the fraud is alleged to have occurred . . . Perhaps the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare a responsive pleading." Wright & Miller, Federal Practice and Procedure: Civil § 1298, p. 406-07, 410, 415; Fraunhoffer, 182 Mont. 715, 594 P.2d 324, 328-329.

She has identified the person who made the statement, the time the statement was made, that the defendants knew the statement was false, that she was misled and that she suffered damages. This information meets the rule set down in Fraunhoffer. Under this rule and under the guidelines established by Rule 12(b), she has stated a claim.

In Count III, Steffani alleges that the defendants breached several provisions of the Collective Bargaining Agreement, which was appended to and made part of her complaint. She maintains that the defendants breached Articles 5.3 and 5.4 which state:

5.3 Fair and Equitable Treatment
No teacher shall be disciplined, dismissed, reduced in rank or compensations, or deprived of any professional advantage without due process.

5.4 Reduction in Force:
a. In the event it becomes necessary to lay off certified tenure staff for any reason, staff shall be laid off in the reverse order of their seniority.

b. For the purposes of a reduction in teaching staff, seniority and certification will be the criteria for lay-off within the system.

c. Seniority will be defined as the length of total service in the district. Time off for approved leaves of absence will count for seniority purposes, and such leaves will not be considered as an interruption of service.

d. When a teacher receives notification of termination under Article 5.4, Reduction in Force, he/she upon request, will be granted 1 day of his/her personal leave, with pay, for the purpose of a job interview.

According to Steffani's argument, she was entitled to the Spanish position because she had the most seniority. As stated earlier, Steffani worked for the School District for three years. When she was non-renewed, the Spanish position was given to a tenured teacher, who worked for the School District for four years under part time contracts. Steffani maintains that her full time experience exceeded the total experience of the part time teacher and that she therefore had more seniority. Her non-renewal, she argues, violated the seniority provisions contained in Article 5.4.

This argument, in light of the clear language of Article 5.4,

9

is untenable. Section (a) of this provision clearly states that lay offs of certified tenure staff will occur in reverse order of seniority. Steffani was not tenured, and therefore this provision has no application to her.

Next Steffani alleges that the School District violated Article 5.3 because they did not afford her any due process before they decided to not renew her contract. Article 5.3 provides that "no teacher shall be disciplined, dismissed, reduced in rank or compensations, or deprived of any professional advantage without due process." As a nontenure teacher who had no legitimate expectation of contract renewal, Steffani was not dismissed or deprived of any professional advantage. She received all benefits, privileges and rights she was entitled to. When her contract expired in the spring of 1988, her employment with the School District was terminated. She had no right to a new contract and consequently she was not entitled to any due process. This allegation does not state a cause of action.

Finally, Steffani alleges that the School District discriminated against her in violation of the Collective Bargaining Agreement because they did not pay the full amount of her health insurance. We need not explain this allegation in any detail. The face of the complaint reveals that this issue was resolved in the teacher's favor in Glasgow Education Association v. Board of Trustees, Valley County, School District 1-1A (1990), 242 Mont. 478, 791 P.2d 1367. This allegation was, therefore, properly dismissed.

In Count IV, Steffani alleges that the defendants violated the Wrongful Discharge from Employment Act, §§ 39-2-901, et. seq., MCA. Section 39-2-912(2), MCA, states:

> This part does not apply to a discharge of an employee covered by a written collective bargaining agreement or a written contract of employment for a specified term.

As this makes clear, this Act does not apply to Steffani and Count IV is dismissed.

In Count V Steffani alleges that the defendants breached the implied covenant of good faith and fair dealing and the code of governmental fair practices found at § 49-3-201, et seq., MCA. In Brinkman v. State of Montana (1987), 224 Mont. 238, 729 P.2d 1301, we held that a cause of action for breach of the covenant of good faith and fair dealing is barred when the litigant is subject to a collective bargaining agreement. Therefore, Steffani cannot receive damages for this allegation. See also Riley v. State of Montana (1988), 748 P.2d 455, 229 Mont. 518.

As stated above, Steffani alleges the defendants breached certain provisions of Governmental Code of Fair Practices. Section 49-3-201, et. seq., MCA. This statute directs governmental agencies to "recruit, appoint, assign, train, evaluate and promote personnel on the basis of merit." § 49-3-201(1), MCA. It forbids discrimination when the government seeks to carry out any of these duties. Steffani was not recruited, appointed, assigned, trained, evaluated or promoted. Rather, she was not rehired after her contract expired. Her allegation, therefore, does not fall under the purview of this statute and this cause of action similarly

11

fails.

In Count VI, Steffani set forth several claims based upon alleged violations of her constitutional rights and 42 U.S.C. § 1983. In particular, she argues that the defendants, while acting under the color of state law, violated her rights to equal protection, free speech, association and due process. The District Court, in a very brief opinion, dismissed this count on the basis of immunity and because Steffani's allegations were "insufficient to state a claim under Section 1983."

On the basis of the District Court's memorandum, it is impossible to discern the exact reasons for the dismissal of Steffani's § 1983 claims. Her complaint, however, appears to adequately set forth a claim for relief. We therefore reverse the District Court's order of dismissal and order further consideration of these allegations to determine which, if any, can proceed to ultimate resolution in trial.

**Conclusion**

The order of the District Court dismissing claims under the second allegation of Count II and Count VI is reversed and the claims reinstated. All other allegations, claims and counts of her complaint were properly dismissed and the District Court, on these issues, is affirmed. Pursuant to above, the case is remanded for further proceeding.

_____
Justice

We Concur:

_____
Chief Justice

12

_John Conway Harrison_

_Karla M. Gray_

_[signature]_

Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

This Court has as recently as April 30, 1991, refused to affirm summary dispositions of claims where the record is incomplete. Johnston v. American Reliable Ins. Co., et al., 48 St.Rep. 405 (Mont. 1991).

Pursuant to Rule 52(a), M.R.Civ.P.:

> [A]ny order of the court granting a motion under Rules 12 or 56 which is appealable to an appellate court shall specify the grounds therefor with sufficient particularity as to apprise the parties in the appellate court of the rationale underlying the ruling and this may be done in the body of the order or in an attached opinion.

Plaintiff's complaint was dismissed by the District Court pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted. Therefore, pursuant to Rule 52, plaintiff and this Court were entitled to an explanation from the District Court of the grounds for the dismissal of each of plaintiff's claims.

In this case, plaintiff's complaint alleges at least ten bases for relief. The District Court's order dismissed all of them, but gave reasons only for the dismissal of plaintiff's petition to set aside an administrative order and plaintiff's claim for relief under 42 U.S.C. § 1983. The majority has now found both of those grounds to be either incorrect or inadequate, although they have, *sua sponte*, found another basis for denying review of the State Superintendent's order.

14

The record in this case is almost nonexistent. The factual bases for the plaintiff's claims and the legal bases for the denial of those claims have not been developed in the District Court.

It is particularly troubling that on the basis of this inadequate record this Court would enter such an expansive decision concluding that plaintiff has no right to any appeal under the Administrative Procedure Act; she has absolutely no rights under the collective bargaining agreement; and yet, she is precluded from recovery under either the Wrongful Discharge Act or pursuant to her employer's duty of good faith and fair dealing, because at all times relevant she was covered by a collective bargaining agreement. This decision would seem to leave untenured teachers uniquely unprotected under Montana law from retaliatory action by their employers. On the basis of this record, I am unwilling to arrive at such a sweeping conclusion.

For these reasons, I would remand this case to the District Court for proper compliance with Rule 52(a), M.R.Civ.P., before further consideration by this Court.

_____
                                  Justice

I concur with the foregoing dissent of Justice Trieweiler.

_____
                                  Justice

15