No. 98-717

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 130

294 Mont. 487

982 P.2d 1007

RICHARD POEPPEL,

Plaintiff and Appellant,

v.

FLATHEAD COUNTY, a body politic,

Defendant and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Dejana, Attorney at law, Kalispell, Montana

For Respondent:

Jonathan B. Smith, Deputy, Office of the County Attorney,

Kalispell, Montana

Submitted on Briefs: May 13, 1999

Decided: June 10, 1999

Filed:

No

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. The Eleventh Judicial District Court, Flathead County, granted Flathead County's Rule 12(b)(6), M.R.Civ.P., motion to dismiss Richard Poeppel's complaint for failure to state a claim upon which relief can be granted. This is an appeal from that dismissal. We affirm in part and reverse in part and remand for further proceedings.**

Factual Background

**¶2. Richard Poeppel (Poeppel) filed a complaint against Flathead County (the County) for an order compelling arbitration, for unused vacation pay and, in the alternative, for wrongful discharge. The County filed a motion to dismiss under Rule 12(b)(6), M.R.Civ.P. Such a motion has the effect of admitting all well-pleaded allegations of the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff and all allegations of fact contained therein are taken as true. Trankel v. State, Dep't of Military Affairs (1997), 282 Mont. 348, 351, 938 P.2d 614, 616.**

**¶3. The facts alleged in the complaint are summarized as follows:**

**¶4. Poeppel was employed by the County in its road maintenance department. On June 1, 1995, twelve days before he completed six months of employment, he was discharged as a "probationary employee" despite the fact that the collective bargaining agreement provided that the probationary period only extended for two**

months. On that date, Foreman Gary Owen refused to hear his grievance. The shop steward was not available at that time.

¶5. On June 6, 1995, Poeppel met with County Commissioner Robert Watne (Commissioner Watne), who advised Poeppel that his firing was an "over kill," but there was nothing that could be done because Poeppel was a probationary employee and the grievance procedure required a grievance within six days. The shop steward was then contacted and he advised Poeppel that a grievance would not be successful since Poeppel was a probationary employee.

¶6. On June 13, 1995, the Union Business Agent advised Poeppel that the grievance period had passed, but that he would meet with the new superintendent and try to resolve the dispute. Poeppel subsequently learned that the grievance period was twenty days. On August 11, 1995, Poeppel advised the County of its error regarding the grievance period and grieved the firing. On August, 17, 1995, the County declined to entertain the grievance.

¶7. On September 11, 1995, Poeppel filed a second grievance and contended that the actions of Commissioner Watne and others estopped the County from denying him the opportunity to proceed with a grievance. He also sought arbitration should the grievance be denied. Poeppel also alleged that he was not given an unused vacation time pay-off, which he claimed was due him since he was not a probationary employee when he was terminated. On November 17, 1995, the County declined the second grievance and request for arbitration.

Issues Presented

¶8. We state the issues as follows:

¶9. 1.  Whether the complaint sufficiently alleges equitable estoppel.

¶10. 2.  Whether § 2-18-617, MCA, allows an unused vacation time pay-off for those employed less than six months.

**¶11. 3. Whether Poeppel failed to timely file and process a grievance.**

Discussion

**¶12. 1. Did the District Court err in dismissing Poeppel's claim that the County should be estopped from arguing that he failed to file a timely grievance?**

**¶13. Poeppel argued in the District Court that he was misled by a representative of the County as to the proper time within which to file a grievance, and that this estopped the County from arguing that the request for a grievance was untimely. The County argues on appeal that the claim of estoppel was properly dismissed since Poeppel's complaint failed to allege the six elements of estoppel as set forth in Dagel v. City of Great Falls (1991), 250 Mont. 224, 234-35, 819 P.2d 186, 192-93. In *Dagel,* we set forth the six elements of estoppel as follows:**

"Six essential elements have been held necessary to constitute an equitable estoppel:

'(1) there must be conduct, acts, language, or silence amounting to a representation or a concealment of material facts; (2) these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; (3) the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon by him; (4) the conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under the circumstances that it is both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it; and (6) he must in fact act upon it in such a manner as to change his position for the worse.' "

*Dagel,* 250 Mont. at 234-35, 819 P.2d at 192-93 (citations omitted).

**¶14. The District Court concluded that the complaint was insufficient in that there were no allegations that the misinformation was given with the expectation that it**

would be relied upon by Poeppel, or that Commissioner Watne knew the information given to Poeppel was incorrect. Although the District Court did not discuss the interplay between the pleading with "particularity" requirement of Rule 9(b), M.R. Civ.P., and Montana's "notice pleading" rule, Rule 8, M.R.Civ.P., it is apparent that the District Court concluded that Poeppel failed to plead the various elements of estoppel with sufficient particularity.

¶15. Although *Dagel* sets forth the six elements required for equitable estoppel, it does not resolve the question presented here. That is, must those elements be alleged in the complaint or are they factual issues of proof? *Dagel* was decided in our review of a summary judgment proceeding. We reversed the district court on the issue of estoppel not because the pleadings were deficient, but because "the facts in th[at] case clearly m[et] the required six elements of equitable estoppel . . . ." *Dagel*, 250 Mont. at 236, 819 P.2d at 193.

¶16. Rule 9(b), M.R.Civ.P., requires particularity in the pleading of certain specified matters, i.e., fraud and mistake. However, it does not require particularity in the pleading of estoppel. Thus, estoppel is governed by Rule 8(e), M.R.Civ.P., which requires that pleadings be "simple, concise, and direct." Rule 8(e), M.R.Civ.P. "No technical forms of pleading or motion are required." Rule 8(e), M.R.Civ.P.

¶17. " '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of acts in support of his claim which would entitle him to relief.' " Fraunhofer v. Price (1979), 182 Mont. 7, 12, 594 P.2d 324, 327, *quoting* Conley v. Gibson (1957), 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84. The most basic consideration in determining the sufficiency of a pleading is determining whether the allegations are sufficiently detailed to provide the other party with adequate notice of the claim so as to enable him or her to prepare a responsive pleading. Irving v. School Dist. No. 1-1A (1991), 248 Mont. 460, 466-67, 813 P.2d 417, 421 (citing *Fraunhofer*, 182 Mont. at 14-15, 594 P.2d at 328-29, quoting Wright & Miller, Federal Practice and Procedure: Civil § 1298, at 406-07, 410, 415).

¶18. The complaint alleges that Poeppel met with Commissioner Watne, who advised him that there was nothing that could be done about the firing because Poeppel was a probationary employee and the grievance procedure required a grievance within six days. It further alleges that the actions of Commissioner Watne, on behalf of the

County, constituted an estoppel. Unquestionably, the claim for estoppel could have been more artfully pleaded and with more particularity. Nonetheless, we conclude that the allegations, sparse as they may be, are sufficient to put the County on notice of the claim so as to enable it to prepare a responsive pleading.

¶19. We conclude that the District Court erred in dismissing the claim for estoppel under Rule 12(b)(6), M.R.Civ.P. Whether Poeppel can satisfy the six elements of estoppel is a question of proof, not pleading.

¶20. Having determined that the District Court erred in dismissing the estoppel claim, we need not reach the question of whether Poeppel's August 11, 1995, grievance was timely, since resolution of that issue will hinge upon whether or not he can prove his claim of estoppel at trial.

¶21. 2.  Did the District Court err in holding that Poeppel failed to state a claim for unpaid vacation?

¶22. In his complaint, Poeppel alleges that he was entitled to unpaid vacation since he was not a probationary employee at the time of his termination. Section 2-18-617(2), MCA, provides that cash compensation for unused vacation leave is recoverable only if the employee has worked for the qualifying period set forth in § 2-18-611, MCA. Section 2-18-617(2), MCA. Under § 2-18-611(1), MCA, "employees are not entitled to any vacation leave with pay until they have been continuously employed for a period of 6 calendar months." Section 2-18-611(1), MCA. As the District Court observed, since Poeppel alleges that he was employed by the County for less than six months, he is not entitled to pay for unused vacation leave. In Stuart v. Department of Social & Rehab. Serv. (1993), 256 Mont. 231, 846 P.2d 965, we discussed §§ 2-18-611(1) and 2-18-617, MCA, and noted:

[Section] 2-18-611(1), MCA, imposes a specific condition on when earned vacation credits can be exercised; namely, an employee is not entitled to any vacation leave with pay until she or he has been continuously employed for a period of six months. This single statute makes it clear from the outset that no absolute right to earn or exercise vacation leave credits exists; any entitlement to earn or exercise vacation leave credits is purely a matter of statute. . . .

. . . Absent § 2-18-617, MCA, no right whatsoever would exist whereby employees could either accumulate vacation leave or "cash out" unused leave on termination of employment. The legislature, having created these rights, elected to condition them.

*Stuart, 256 Mont. at 235, 846 P.2d at 967-68.*

**¶23. Poeppel argues on appeal that despite the six-month period specified by the statute, the collective bargaining agreement, as alleged in his complaint, provided that the probationary period ceased after two months. Thus, he posits that he would qualify for unused vacation pay after only two months, rather than the statutory six months. The statute, however, is not couched in terms of "probationary" periods; it simply requires six months of service to qualify an employee for a pay-off of accrued vacation benefits. As the County points out, under Poeppel's "probationary period" theory, a governing body could establish a one-year probationary period and refuse to pay former employees who served less than one year, but more than six months, for accrued vacation time.**

**¶24. The six-month qualifying period established by the legislature is separate from, and not controlled by, any probationary period that the local governing body establishes by policy or negotiation of a collective bargaining agreement. We hold that the District Court did not err in dismissing Poeppel's claim for unused vacation pay.**

**¶25. We also note that in the prayer to his complaint, Poeppel sought, as an alternative to an order for arbitration, damages for wrongful discharge. The District Court dismissed the claim for wrongful discharge and Poeppel has not appealed from that dismissal. Accordingly, we need not address that claim.**

**¶26. We affirm the District Court's conclusion that the complaint fails to state a claim for payment of unused vacation pay. We reverse the District Court's dismissal of Poeppel's claim for estoppel and remand for further proceedings.**

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY