No. 03-718

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 378N

STANLEY G. DAVIS,

Plaintiff and Appellant,

v.

STATE OF MONTANA, COUNTY OF LINCOLN,
COUNTY COMMISSIONERS:  JOHN KONZEN,
RITA WINDOM, MARIANNE ROOSE, COUNTY
EMPLOYEE BILL BISCHOFF; HEALTHY COMMUNITIES
TASK FORCE, INITIATIVE BOARD MEMBER AND
LINCOLN COUNTY ECONOMIC DEVELOPMENT
COUNCIL PRESIDENT RUSSELL BARNES, *ET AL.*,

Defendants and Respondents.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
               In and for the County of Lincoln, Cause No. DV 03-77
               The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Stanley G. Davis, *pro se*, Troy, Montana

        For Respondents:

        Sean Goicoechea, Christensen Moore Cockrell, Cummings & Axelberg,
        Kalispell, Montana; Michael R. King, Risk Management & Tort Defense
        Division, Department of Administration, Helena, Montana

                          Submitted on Briefs:  June 8, 2004

                                  Decided:  December 28, 2004

Filed:

        _____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Stanley G. Davis, appearing *pro se*, filed a Complaint in the Montana Nineteenth Judicial District Court, Lincoln County, alleging various injustices inflicted by the above-named agencies and individuals, hereinafter referred to as "the Defendants." The Defendants moved to dismiss Davis' lawsuit on the grounds that he had failed to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), M.R.Civ.P. The District Court granted the Defendants' Motion to Dismiss. Davis appeals. We affirm.

¶3      In its Order, the District Court admits that it was unable to separate and identify Davis' claims against the Defendants to address each one individually, and ultimately determined that, even granting Davis latitude as a *pro se* litigant, the Complaint did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," pursuant to Rule 8(a)(1), M.R.Civ.P., and that dismissal pursuant to Rule 12(b)(6), M.R.Civ.P. was warranted.

¶4 The dispositive issue in this case is: Did the District Court err when it granted the Defendants' motion to dismiss Davis' suit on the grounds that Davis failed to state a claim for which relief could be granted, pursuant to Rule 12(b)(6), M.R.Civ.P.?

¶5 In his Brief to this Court, Davis argues that the District Court rushed to judgment in dismissing his case and did not take into account that he is a *pro se* litigant and thus is allowed to plead "without technicality." Davis claims that the Defendants violated his rights by their "wrongful interference with [Davis'] business solutions to help stabilize local and regional economies and tax base."

¶6 Davis' lawsuit alleges that the Defendants are liable for damages totaling about $285,000,000 for their failure to implement his plan for Lincoln County and its taxpayers to borrow money, purchase, and continue to operate the Stimson Lumber Company Mill in Libby. Davis further requests relief through the suspension of the Lincoln County Commissioners, imprisonment of the Lincoln County Commissioners, and disbarment of the attorneys who represent the Lincoln County Commissioners in this lawsuit.

¶7 The Lincoln County respondents argue that the dismissal of Davis' Complaint should be affirmed because the facts underlying Davis' claims do not amount to a viable legal cause of action. Pointing out that Davis is not, and apparently has never been, an employee of Stimson Lumber, or the operator of a business that had any connection to Stimson Lumber, they maintain there is no evidence that Davis was individually harmed by the Stimson Lumber closure, and thus Davis does not have standing to sue Lincoln County officials over

3

the mill closure. They point to the District Court's assertion that Davis is merely a disgruntled constituent.

¶8 Davis also includes the State of Montana as a party to his lawsuit. The State points out in its Brief that, although the caption of Davis' Complaint named the State as a defendant, the body of the Complaint does not mention the State and makes allegations against only Lincoln County and various Lincoln County officials. The State also claims that the District Court lacks jurisdiction as concerns the State because Davis did not file a tort claim with the Montana Department of Administration prior to filing his Complaint as required by § 2-9-301, MCA. The State further requests that Davis be ordered to pay the State's attorneys' fees, pursuant to Rule 32, M.R.App.P.

¶9 Rule 12(b)(6), M.R.Civ.P. requires dismissal of a complaint which fails to state a claim for which relief can be granted. In determining whether the dismissal of a complaint is warranted, the court construes the complaint in the light most favorable to the plaintiff. *Steele v. McGregor*, 1998 MT 85, ¶ 9, 288 Mont. 238, ¶ 9, 956 P.2d 1364, ¶ 9. A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *Poeppel v. Flathead County*, 1999 MT 130, ¶ 17, 294 Mont. 487, ¶ 17, 982 P.2d 1007, ¶ 17.

¶10 We have decided this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. Having had the opportunity to review the record as presented this Court and to read the Briefs as submitted in this case, we find no basis to grant the relief Davis seeks.

4

¶11 Even construing the pleadings in a light most favorable to Davis, we find no indication that he has any legal basis for the relief he seeks. We conclude the District Court correctly dismissed Davis' lawsuit for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), M.R.Civ.P., and thus affirm the Order of the District Court. We further determine that the State's request for attorney's fees is not appropriate in this case and decline to award them.

¶12 Affirmed.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JIM RICE