No. 05-715

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 331N

MATTHEW J. SISLER,

    Plaintiff and Appellant,

 v.

JULIA BENNETT-AMES,

    Defendant and Respondent.

APPEAL FROM:  The District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DV 2001-939,
       Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Matthew J. Sisler (pro se), Missoula, Montana

    For Respondent:

    David M. Sandler, Bothe & Lauridsen, P.C., Columbia Falls, Montana

          Submitted on Briefs: September 26, 2006

          Decided: December 12, 2006

Filed:

      _____
           Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew J. Sisler (Sisler), an attorney who has been indefinitely suspended from the practice of law, brought this action alleging that Julia Bennett-Ames (Julia) fraudulently induced him to represent her in an action which Sisler filed on her behalf and on behalf of three other plaintiffs. Sisler also complained that Julia breached a contract under which she allegedly agreed to pay him attorney fees. Julia counterclaimed, alleging malicious prosecution in that Sisler had brought his action to retaliate against her for testimony which she gave to the Supreme Court's Commission on Practice.

¶3 Julia moved for partial summary judgment on Sisler's fraudulent inducement claim. In its February 10, 2005 Opinion and Order on Motion for Summary Judgment, from which Sisler appeals, the District Court granted Julia's motion, ruling that the testimony Julia gave to the Commission on Practice was inadmissible, therefore, Sisler could not present evidence that Julia fraudulently induced him to represent her. Moreover, the District Court ruled that even if Sisler's allegations that Julia fraudulently induced him to represent her were true, Sisler suffered no damages, which is an essential element to a fraud claim.

2

¶4     The parties subsequently entered into a settlement agreement under which Sisler agreed to dismiss his claim for attorney fees with prejudice. Sisler also agreed to dismiss with prejudice all claims for monetary damages, reserving his right to appeal the District Court's decision granting Julia summary judgment on the fraudulent inducement count of his complaint. Sisler agreed, however, that if this Court were to reverse and remand, he may seek only a declaratory judgment that the allegations in his fraudulent inducement claim are "true and correct." In exchange, Julia agreed to pay Sisler one dollar and to dismiss her malicious prosecution counterclaim with prejudice. As noted, Sisler now appeals the District Court's order granting Julia summary judgment on his fraudulent inducement claim.

¶5     Having reviewed the record and extensive briefs in this case, we conclude that Sisler has failed to demonstrate that the District Court erred in ruling that Julia was entitled to summary judgment on the grounds that Sisler suffered no damages. The fact that Sisler has agreed, as part of the settlement, to forego money damages and to seek only a declaratory judgment as to whether his fraudulent inducement allegations are "true and correct" is beside the point. Damages are an essential element to a fraud claim. *See Irving v. School Dist. No. 1-1A*, 248 Mont. 460, 466, 813 P.2d 417, 420 (1991) (citation omitted). Moreover, Sisler has conceded that the District Court's decision granting summary judgment was correct.

¶6     Under these circumstances, we have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the

3

record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence, and because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶7     Accordingly, we affirm the District Court's Opinion and Order on Motion for Summary Judgment.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS